# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-03259-RM
(Bankruptcy No. 17-16354-TBM and
Adversary Proceeding No. 18-01265-TBM)

IN RE:
DAVID LEE SMITH, and
MARY JULIA HOOK,

    Debtors.

---

DAVID LEE SMITH, and
MARY JULIA HOOK,

    Appellants,

v.

DENNIS W. KING, Chapter 7 Trustee, and
COLORADO DEPARTMENT OF REVENUE,

    Appellees.

---

## ORDER
---

This matter is before the Court on Appellants' "Emergency Motion to Enjoin Sale of Home Pending Appeal of Closure of Chapter 7 Bankruptcy Case" (the "Motion") (ECF No. 27) seeking to enjoin the sale of certain property commonly known as 5800 East 6th Avenue, Denver, Colorado 80220 (the "Property"). Upon consideration of the Motion and relevant parts of the court record, and being otherwise fully advised, the Motion is DENIED.[1]

---

[1] The Court finds no response to or hearing on the Motion is required before ruling. The court's Local Rules provide "[n]othing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed." D.C.COLO.LCivR 7.1(d). In addition, Fed. R. Civ. P. 65(a) does not expressly require an evidentiary hearing before a court rules on a motion for a preliminary injunction. Instead, a court may deny an injunction based on the written evidence without a hearing, even if one is requested, where "receiving further evidence would be manifestly pointless." 11A Charles Alan Wright *et al.*, Federal Practice and Procedure § 2949, at 246-248 (3d ed. 2013). *See*

I.      BACKGROUND

This matter arises from Appellants' appeal of adverse rulings issued in their bankruptcy case (No. 17-16354-TBM) and in Adversary Proceeding No. 18-01265-TBM (the "Adversary Proceeding"). In the Motion before the Court, Appellants seek to enjoin the sale of the Property pursuant to an Order of Foreclosure and Judicial Sale entered by this Court in Civil Action No. 14-cv-00955-RM-SKC (the "Foreclosure Order"). Appellants support this Motion[2] with assertions of what allegedly transpired in Civil Action No. 14-cv-00955 and in the cases before the Bankruptcy Court,[3] providing select excerpts of filings made in some of these cases.

As to the bankruptcy case, Appellants assert (1) the Bankruptcy Trustee filed a Final Report; (2) Appellants objected; and (3) the Bankruptcy Court accepted the Trustee's Final Report. Specifically, in its Order of July 17, 2018, setting a non-evidentiary hearing on the Final Report and Appellants' Objection, the Bankruptcy Court stated:

> The record before the Court reveals a bankruptcy estate that is hopelessly insolvent. Thus, the Debtors' standing to object to the administration of the case and the Trustee's Final Report is in serious doubt.

(ECF No. 11-3, p. 51.) After hearing and briefing, the Bankruptcy Court overruled the Appellants' Objection and accepted the Trustee's Final Report. Among other things, the Bankruptcy Court found the estate was insolvent and Appellants failed to meet their burden of showing they have standing to object. (ECF No. 11-1, p. 30.) Appellants assert the Bankruptcy Court's rulings on these issues are erroneous.

As to the Adversary Proceeding, Appellants appeal the Bankruptcy Court's Order

---

*also Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) (district court within discretion to decide whether to hold an evidentiary hearing); *Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table).
[2] Filed with an unsworn declaration under penalty of perjury. (ECF No. 27, p. 25.)
[3] There were several matters pending before the Bankruptcy Court in addition to Appellants' Chapter 7 proceeding, including adversary proceedings against the Colorado Department of Revenue, LNV Corporation, and the United States.

granting the Colorado Department of Revenue's ("CDOR") motion to dismiss. In its Order of February 5, 2019, the Bankruptcy Court found, among other things, that Appellants failed to present sufficient factual allegations to state any plausible claim for relief.

This appeal followed the Bankruptcy Court's issuance of its various orders.

## II. LEGAL STANDARD

Before injunctive relief may be had, the movant must establish: "'(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.'" *Diné Citizens Against Ruining our Environment v. Jewell,* 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). The Tenth Circuit no longer applies a "modified test"[4] for determining preliminary injunctive relief, finding it inconsistent with the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). *Diné Citizens*, 839 F.3d at 1282.

In addition, three types of preliminary injunction are disfavored: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (citation omitted). Should a preliminary injunction fit within one of these types, the injunction "must be more closely scrutinized to assure that the exigencies

---

[4] Under the "modified test," when the other three requirements for preliminary injunctive relief tip strongly in the movant's favor, the test is modified so that the movant may meet the likelihood of success on the merits requirement "'by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Diné Citizens*, 839 F.3d at 1282 (quoting *Davis*, 302 F.3d at 1111).

3

of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Diné Citizens*, 839 F.3d at 1281 (citation and quotation marks omitted).

### III. DISCUSSION

#### A. Rule 8007

This Motion is filed pursuant to Fed. R. Bankr. P. 8007(a)(1)(D) which provides that "[o]rdinarily, a party must move first in the bankruptcy court for the following relief: … (D) the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e)." Appellants argue, summarily, that moving before the Bankruptcy Court would be impracticable because of the "appearance of extreme judicial hostility and bias against" movants by that court. (ECF No. 27, p. 2.) The Court's review of the record shows no such alleged appearance. Thus, Appellants fail to establish they were not required to file their Motion before the Bankruptcy Court in the first instance.

There is a second problem with Appellants' Motion – the failure to show it falls under Rule 8007(a)(1)(D) and that this Court may enter an order enjoining the Foreclosure Order *which is currently on appeal before the Tenth Circuit*. Indeed, Appellant Hook has already moved to stay the foreclosure, first before this Court and then before the Tenth Circuit. Both requests were denied. Regardless of such deficiencies, in the interests of judicial economy and assuming the Motion may be heard here, the Court resolves the merits of the Motion.

#### B. The Merits

Appellants allege they meet each of the four prongs for granting injunctive relief. Even

assuming the ordinary standard applies, the Court finds otherwise.

Appellants start with the requirement of substantial likelihood of success on the merits. Here, Appellants argue their bankruptcy estate is not "hopelessly insolvent" as stated in the Bankruptcy Court's order of July 17, 2018. Appellants, however, fail to show it is so as they provide nothing more than conclusory assertions that they have made a *prima facie* showing of standing or were allegedly denied a right to an evidentiary hearing and jury trial. Indeed, Appellants' Motion is replete with unsupported accusations that, in issuing adverse rulings, the Bankruptcy Court allegedly "abused his discretion, committed reversible error and/or violated Fifth Amendment due process of law," "was clearly arbitrary and irrational," appeared "bias," and the like. Thus, Appellants fail to show a substantial likelihood of success on the merits as to the appeal of the Bankruptcy Court's orders concerning Appellants' bankruptcy case.

The same holds true as to Appellants' appeal of the dismissal of the Adversary Proceeding. Appellants do nothing more than deny that their claims against the CDOR are implausible and assert the Bankruptcy Court should have given them an opportunity to amend. Such bare statements, without supporting authority or factual or legal analysis, fall far short of meeting Appellants' burden of showing a substantial likelihood of success on the merits of this appeal.[5]

In summary, Appellants fail to show the first prong required for injunctive relief is met. *See, e.g., Andrews v. Andrews*, 160 F. App'x 798, 799 (10th Cir. 2005) ("Plaintiffs' rambling, vague, and conclusory submissions" did not show a clear and unequivocal right to relief). As a showing for all four prongs is required, the Court need not address the three remaining requirements. *Diné Citizens*, 839 F.3d at 1285 ("We therefore affirm on this ground [failure to

---

[5] In addition, Appellants fail to show how success on the merits of their appeal against the CDOR would support any injunction of the sale of the Property.

show substantial likelihood of success on the merits] and do not address the parties' arguments regarding the other three prerequisites for preliminary relief.").

**IV. CONCLUSION**

Based on the foregoing, Appellants' "Emergency Motion to Enjoin Sale of Home Pending Appeal of Closure of Chapter 7 Bankruptcy Case" (ECF No. 27) is DENIED.

DATED this 21st day of May, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge